**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SLAWOMIR CELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  FILED: JULY 21, 2008 |
| | ) | 08 cv 4126 |
| JONATHAN A. MIRSKI and | ) | JUDGE MANNING |
| UNISYSTEMS INC., | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | JH |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF CIVIL
## ACTION TO THE UNITED STATES DISTRICT COURT

NOW COMES the petitioner, JONATHAN A. MIRSKI (hereinafter "Mirski") and Uni-Systems, Inc. incorrectly sued as UNISYSTEMS INC., (hereinafter "Uni-Systems") by and through its attorneys, Jill A. Cheskes and Sara M. Stertz of SmithAmundsen LLC, and giving notice to this Honorable Court of the removal of the above styled cause of action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§1331, 1367, 1441, 1446 and 29 U.S.C. §2617, herein states as follows:

I.      On June 3, 2008, the plaintiff, SLAWOMIR CELINSKI, filed in the Circuit Court of Cook County, Illinois, Law Division the above entitled civil action bearing Case No. 2008-L-006012 in the records and in the files of that court. No proceedings have occurred in the Circuit Court of Cook County as of the date of this removal.

II.      The aforesaid state court action consists of three counts and is a suit wholly civil in nature alleging common law retaliatory discharge, Family and Medical Leave Act ("FMLA") violations and damages.   (See plaintiff's Verified Complaint which is attached as Ex. A).

III.     Counts II and III of Plaintiff's Verified Complaint at law are based on allegations arising under the FMLA. This action is being removed to the United States District Court for the Northern District of Illinois, Eastern Division, on the basis that the District Court has original jurisdiction of all civil actions arising from the FMLA statute which provides that an action to recover damages or equitable relief "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees.." 29 U.S.C. §2617(a)(2) and  28 U.S.C.S. § 1331.

IV.     Removal to this federal court is authorized by 29 U.S.C. §1441. The statutory language cited in Paragraph III from the FMLA is identical to that found in the Fair Labor Standards Act ("FLSA").  *See* 29 U.S.C §216(b) and 29 U.S.C. §2617(a)(2).  In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 69 (2003), the Court held that district courts had original jurisdiction over FLSA claims under 28 U.S.C.S. § 1331 and a concurrent jurisdiction cited in the statute did not bar removal of a claim.  In *Conine v. Universal Oil and Product Co.*, 2006 U.S. Dist. LEXIS 14589 (W.D. La. March 14, 2006) (attached hereto as Exhibit B) the court examined the holding in *Breuer* and after comparing language between the FLSA and FMLA and determining that the language was identical, the Court held that removal of an FMLA action was authorized and allowed by 29 U.S.C. §2617(a)(2). Based on *Breuer* and *Conine*, removal of claim based on the FMLA is proper and authorized.

V.     This Court has supplemental jurisdiction over the Plaintiff's common law retaliatory discharge claim because it forms part of the same case or controversy as the alleged FMLA violations. *See* 28 U.S.C. §1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor does Plaintiff's state law claim predominate over it federal FMLA claim. *See*

2

28 U.S.C. §1367(c). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1441(c).

VI.    This notice is being filed pursuant to 28 U.S.C. §1446 within thirty days of Mirski and Uni-Systems' first notice of the lawsuit. For service, Plaintiff used the Illinois courts' equivalent of a Request for Waiver of Service of Summons on Defendants. This was mailed to Defendants on or around June 9, 2008. (A copy of the Notice and Acknowledgement of Receipt of Summons and Complaint is attached hereto as Exhibit C) The Notice and Acknowledgement of Receipt of Summons and Complaint were not received by Defendants until on or around July 7, 2008 as Defendant, Mirski, who is the Secretary/owner of Uni-Systems was on vacation from June 16, 2008 until July 1, 2008. (Affidavit of Mirski is attached hereto as Exhibit D) Mirski mistakenly signed and dated the Notice "June 8, 2008" but it was not actually signed and dated until on or around July 8, 2008. (*See* Ex. D and a copy of the signed Notice is attached hereto as Exhibit E) It would not have been possible for the document to have been signed by Mirski on June 8, 2008 as it was not even sent to him by Plaintiff until June 9, 2008. As attested to by Mirski, he did not open and review the documents, which were sent regular mail, until he returned from vacation on or around July 7, 2008.

VII.    Thus, Defendants Mirski and Uni-Systems first had notice of this lawsuit on or around July 7, 2008. Mirski and Uni-Systems' Notice of Removal is therefore both timely and proper because the time for filing their petition under 28 U.S.C. §1446 has not expired. Consequently, the plaintiff's civil claims for damages establishes original jurisdiction under 28 U.S.C. §1332. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 244, 254 (1999).

VIII.    Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois. The Circuit Court of Cook County, Illinois, is located within this District and Division.

WHEREFORE, the Petitioners, JONATHAN A. MIRSKI and UNISYSTEMS INC., respectfully give notice of removal of this complaint from the Circuit Court of Cook County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,


/s/ Jill A. Cheskes
Jill A. Cheskes, One of the
Attorneys for JONATHAN A. MIRSKI
and UNISYSTEMS INC.


Jill A. Cheskes, ARDC# 06237878
Sara M. Stertz, ARDC# 6290843
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
(312) 894-3200

**Exhibit "A"**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SLAWOMIR CELINSKI,

                             Plaintiff,

    v.

UNI-SYSTEMS, INC. and
JONATHAN A. MIRSKI, as an individual

                           Defendants.

2008L006012
CALENDAR/ROOM V
TIME 00:00
Retaliatory Discharge

Jury Trial Demanded

## Verified Complaint for Damages for Retaliatory Discharge and for Violations of 29 U.S.C. §2601 et. seq. (the Family and Medical Leave Act)

Plaintiff Slawomir Celinski, by his attorneys, DoranMedina, LLC and John Thomas Moran of the Moran Law Group, complains of Defendants Uni-Systems, Inc. and Jonathan A. Mirski, as follows:

### Introduction

1. Slawomir Celinski brings this action against his former employer, Uni-Systems, Inc. (d/b/a "Midas Muffler Shop" or "Midas") and Johnathan A. Mirski ("Mirski"), for retaliatory discharge and violations of his rights under the Family and Medical Leave Act. Plaintiff suffered an on-the-job injury in October 21, 2006. Defendants fired Slawomir on March 23, 2007 because he filed a worker's compensation claim against Midas asserting he had suffered a serious on-the-job injury.

### Jurisdiction and Venue

2. Jurisdiction of this Court is provided by 735 ILCS 5/2-209.

3. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because on information and belief, Defendant Midas resides in this county according to 735 ILCS 5/2-102(a)

EXHIBIT
A

in that it is a corporation authorized to transact business in this state, has a shop and is doing business in Cook County, Illinois, and because some of the transactions out of which this action arises occurred in Cook County.

4. Venue is proper pursuant to 735 ILCS 5/2-101 in Cook County for Defendant Mirski because some the transactions out of which this action arises occurred in Cook County.

### The Parties

5. Mr. Celinski is a resident of Illinois and was employed by Defendant Midas at its Glendale Heights location.

6. At all times relevant to this Complaint, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2).

7. Defendant Mirski owns several Midas Muffler Shops, including four in Cook County, Illinois.

8. Defendant Midas is responsible for the acts of its employees and agents, including acts within the scope of their employment.

9. On information and belief, at all times relevant to this Complaint, Defendant Midas was an "employer" as defined by 29 U.S.C. § 2611(4).

10. On information and belief, at all times relevant to this Complaint, Defendant Mirski was an "employer" as defined by 29 U.S.C. § 2611(4).

### Facts Upon Which Claims are Based

11. Mr. Celinski was hired by Mirski on January 6, 2006 to full-time work in his Glendale Heights, Illinois Midas Muffler Shop as a auto mechanic.

12. During the course of his duties working for Defendants, on October 21, 2006, Mr. Celinski was injured when he twisted his ankle and fractured one of his metatarsals.

13. Mr. Celinski immediately reported this on-the-job injury to his supervisor, Tom Weber. Later the same day Mr. Celinski sought medical care and saw the defendant's company doctor, Dr. Galassi, who placed his foot in a cast, prescribed him pain medication, and took him off work for the next couple of months in order to heal.

14. Defendant's correspondence with Plaintiff over his treatment and care referenced health insurance under short term disability insurance coverage rather than an on-the-job injury covered by the Illinois Workers Compensation Act (the "Act").

15. In or around November, 2006 Mr. Celinski hired an attorney to handle his worker's compensation claim, who subsequently filed with a charge with the Illinois Industrial Commission on November 27, 2006, attached as Exhibit A to this Complaint and made a part.

16. After removal of his cast, Mr. Celinski returned to work on December 19, 2006. In giving Plaintiff a return to work, Dr. Galassi directed him to wear a short, removable, protective orthopedic boot. *His only work restriction was that he must be allowed to alternate between standing and sitting, as tolerated.*

17. When Plaintiff returned, his employer modified his work duties. In addition to performing auto mechanic duties, he performed inventory, painted the facility, cleaned the washrooms, and performed other janitorial duties. Despite the limited return to work, defendant, its agents and employees allowed Plaintiff to sit only when cleaning the bottom shelves. Consequently he was in pain at the end of his shifts.

-3-

18. In addition, on his return to work Defendants reduced his pay by $4/hour, despite the fact that he was performing his regular mechanic duties.

19. *Defendant Mirski, on Plaintiff's return to work, began accusing Mr. Celinski of malingering,* telling him "you're playing a fucking game." In addition, Mirski repeatedly ridiculed Mr. Celinski, calling him a "liar," "lazy," and "fat."

20. On January 3, 2007 Mr. Celinski was written up for the first time since starting to work for defendants, for an alleged infraction regarding "tardiness and lunches." He was told by Mr. Weber, a supervisory employee of defendants, that he could be fired for any subsequent infractions.

21. Approximately three and a half weeks later, Mr. Weber wrote up Mr. Celinski for a second time for allegedly taking a lunch in lieu of performing his duties. Mr. Celinski denied doing so and he provided his employer with proof that he had finished the job prior to his lunch break. Nevertheless Defendants did not recant or correct this second bogus write up.

22. On January 4, 2007, Mr. Celinski was treated by an orthopaedic surgeon, Dr. DeFrino, *who directed him to wear a more protective covering for his healing foot – called a* cam boot – and restricted him to primarily sit at work, with limited standing and walking. He also prescribed physical therapy.

23. Having received Dr. DeFrino's office visit notes on January 8, Defendants' workers compensation insurance carrier immediately directed Mr. Celinski to see its physician, Dr. Pahwa, on January 25. He did so and that same day Dr. Pahwa sent his written conclusions to the insurance company.

-4-

24. Dr. Pawha stated that Mr. Celinski could continue his physical therapy for three or four more weeks but opined that after that point no further treatment would be necessary and that within six weeks Mr. Celinski would achieve "maximum medical improvement" ("MMI"). The insurance company's doctor also concluded that Mr. Celinski could work without restrictions.

25. Defendants then told Mr. Celinski that he must work without use of his cam boot since Dr. Pawha had concluded that he could work without restrictions. Mr. Celinski refused to take off the boot prescribed by his own doctor, explaining that he wore it pursuant to his doctor's orders and also because it helped him protect his foot which still was painful to him.

26. By the end of January, his physical therapist told him that Defendants' workers' compensation carrier had denied continued coverage for physical therapy. Early the next month Dr. DeFrino informed Mr. Celinski that Defendants' workers' compensation coverage had been cancelled altogether. Nevertheless, Mr. Celinski continued to see his physician, paying for these visits out of his own pocket.

27. Defendant Miraki continued to threaten Mr. Celinski's job and demand that he remove his cam boot, despite Mr. Celinski explaining to him that he wore it at the direction of his orthopedist.

28. For the week of February 12, Mr. Miraki assigned Mr. Celinski to his Des Plaines shop. As Mr. Celinski's very large, cumbersome, and heavy personal toolbox was kept at the Glendale Heights shop, these assignments made it impossible for him to perform all of his duties as an auto mechanic, though he was able to perform basic tasks such as oil changes.

29. On February 14, 2007 Mr. Celinski filed a second worker's compensation claim against Defendants for a repetitive motion trauma in his wrist.

30. On February 20, 2007, in continuing pain and distress, Celinski met with another orthopedic surgeon, Dr. Walsh, who prescribed continued usage of the cam boot and restricted Celinski to sedentary work for the next four weeks.

31. Beginning on or around February 21, 2007 Mr. Mirski refused to allow Mr. Celinski to work with his cam boot and thus refused to permit Mr. Celinski to work. Nevertheless, every day through March 19, 2007, Mr. Celinski reported to work and everyday he was denied work pursuant to defendant Mirski's orders.

32. On March 20, Plaintiff met with Dr. Walsh, who subsequently diagnosed him with Morton's neuroma as well as metarsalgia, for which Dr. Walsh performed surgery, all arising out of the original injury. At that office visit, Dr. Walsh took him off of work until April 2, 2007 because Mr. Celinski was not allowed to sit at work.

33. On March 22, Mr. Celinski gave Dr. Walsh's note to Mr. Mirski.

34. On March 27, 2007, Mr. Celinski received a letter signed by Defendant Mirski dated March 23, 2007 notifying him that defendants were firing him retroactively to the last day Defendants allowed him to work – February 19, 2007. Mr. Mirski's stated reason for firing him was that he refused to work without restrictions despite Dr. Pawha's conclusion. Defendants also directed him to pick up his tools within five days or else he would be charged a $10/day storage fee. A copy of the letter is attached to this Complaint as Exhibit B.

35. On March 28, Mr. Celinski arrived at the Glendale Heights shop to get his tools, however Mr. Mirski refused to give them to him, demanding that Mr. Celinski first pay him $1,582.00 for the premiums Defendants had paid the health insurance carrier for February,

March, and allegedly April, 2007. When Mr. Celinski refused, Mr. Miraki called the police. The police directed Mr. Miraki to allow Mr. Celinski to take his tools, which he did and left.

36. A few days later, Mr. Celinski received another letter from Defendants informing him that his health insurance coverage had also been cancelled retroactive to February 19, 2007 and claimed that Plaintiff had to reimburse Midas the sum of $1,582.00 by April 9, 2007.

## COUNT I

### Common Law Retaliatory Discharge – Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

37. Plaintiff restates and realleges paragraphs 1 through 37 as fully set forth herein.

38. At all material times, it was the clear mandate of the public policy of the State of Illinois to protect its citizens from retaliatory discharge for filing worker compensation claims.

39. Plaintiff filed workers' compensation claims against Defendant Midas on or around October 21 and on February 14, 2007.

40. Defendant Midas disciplined, placed at physical risk, and then fired Mr. Celinski in retaliation for filing a workers' compensation claim.

41. At all material times, Midas had the duty to refrain from terminating employees for reasons that violated the clear mandate of public policy of the State of Illinois.

42. Midas' actions were wilful and wanton and in reckless disregard of the lawful rights and interests of Plaintiff.

43. As a result of his unlawful termination, Plaintiff has suffered lost wages and benefits, humiliation, and other emotional damages.

WHEREFORE, demanding a jury trial, Plaintiff Slawomir Celinski asks for judgment in his favor against Defendant Midas Muffler Shop in an amount in excess of $100,000

-7-

and such other relief as the Court deems just, proper, and equitable, including but not limited to back pay, front pay, compensatory damages, punitive damages, future pecuniary losses, pre-judgment interest, costs and expenses of suit, and such reasonable attorneys' fees as the law may permit, and such other and further relief as this Court deems just and equitable.

## COUNT II

### Demand for Relief for Violations of
### the Family and Medical Leave Act Against Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

44. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

45. By virtue of the foregoing, Defendant Midas violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

46. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

47. In light of Defendant's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

## COUNT III

-8-

**Demand for Relief for Violations of**
**the Family and Medical Leave Act Against Defendant Johnathan A. Mirski**

48. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

49. By virtue of the forgoing, Defendant Mirski violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

50. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

51. In light of Defendant Mirski's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Mirski for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant Mirski's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

Respectfully submitted,
Slawomir Celinski,

By One of His Attorneys

Under penalties of law pursuant to § 1-109 of the Code of Civil Procedure, Slawomir Celinski certifies that the statements set forth in this Verified Complaint are true and correct.

_____
Slawomir Celinski

5. 28. 08
_____
Date

Karen J. Doran
Firm No. 43176
Attorney for Plaintiff
DoranMedina, LLC
2625 Butterfield Road, Suite 138S
Oak Brook, IL 60523
Telephone: 630/368-0200
Fax: 630/368-0202
E-mail: kdoran@doranmedina.com

John Thomas Moran
Firm No. 11916
Attorney for Plaintiff
The Moran Law Group
309 West Washington Blvd., Suite 900
Chicago, IL 60606
Telephone: 312/630-0200
Fax: 312/630-0203
E-mail: j.t.m.moran@gmail.com

-10-

**Exhibit "B"**

LexisNexis® *Total Research System*

Case 1:08-cv-04126    Document 1    Filed 07/21/2008    Page 17 of 26

Switch Client | Preferences | Sign Out | [?] Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector

Service: **Get by LEXSEE®**
Citation: **2006 U.S. Dist. LEXIS 14589**

*2006 U.S. Dist. LEXIS 14589, *; 11 Wage & Hour Cas. 2d (BNA) 1374*

JOHN CLIFTON CONINE, TRUSTEE IN BANKRUPTCY FOR DENNIS RAY ADDIE, ET AL. versus UNIVERSAL OIL PRODUCT COMPANY

CIVIL ACTION NO. 05-2011

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

2006 U.S. Dist. LEXIS 14589; 11 Wage & Hour Cas. 2d (BNA) 1374

March 14, 2006, Decided

**SUBSEQUENT HISTORY:** Summary judgment granted by, Summary judgment denied by <u>Conine v. Universal Oil Prods. Co., 2006 U.S. Dist. LEXIS 42939 (W.D. La., June 26, 2006)</u>

**CORE TERMS:** state law claims, removable, federal laws, supplemental jurisdiction, federal question, claim arising, termination of employment, federal claims, public agency, competent jurisdiction, statutory language, entire case, supplemental

**COUNSEL:** **[*1]** For Dennis Ray Addie, Fran Strange, U S Trustee on behalf of Dennis Addie Estate, John Clifton Conine, Trustee in Bankruptcy on behalf of Dennis Ray Addie Estate, Plaintiffs: Nelson Welch Cameron, Shreveport, LA.

For U O P L L C, Defendant: John T Cox, Jr, Blanchard Walker et al, Shreveport, LA.

**JUDGES:** MARK L. HORNSBY, UNITED STATES MAGISTRATE JUDGE. JUDGE HICKS.

**OPINION BY:** MARK L. HORNSBY

**OPINION**



EXHIBIT
B

**MEMORANDUM RULING**

### Introduction

Before the court is a Motion to Remand (Doc. 26) filed by Dennis Addie ("Plaintiff") on the grounds that claims under the Family and Medical Leave Act ("FMLA") are not removable. Plaintiff urges, in the alternative, that the court should remand his supplemental state law claims. For the reasons provided below, the motion will be denied.

### The First Civil Action

Plaintiff filed suit in state court in 2002 alleging termination of his employment in violation of state and federal anti-discrimination statutes. Defendant UOP removed the case based on federal question jurisdiction, and the case was assigned to Judge Stagg. Through a voluntary dismissal and a court ruling, all federal claims were dismissed. Judge Stagg then declined to continue **[*2]** to exercise supplemental jurisdiction over the remaining state law claims. Rather than remand the claims, Judge Stagg dismissed them without prejudice. See 02 CV 2297.

Soon after Judge Stagg dismissed his state law claims, Plaintiff filed a second state-court suit against UOP based on the state law claims. The petition made clear that, "Plaintiff is not suing under any Federal Laws." Doc. 1, Paragraph 15. Plaintiff also filed a Chapter 7 bankruptcy near the conclusion of the first federal proceeding, so the Chapter 7 Trustee eventually enrolled in the second case as the proper plaintiff.

Two years after the second action was commenced, the Trustee alleged that facts discovered during depositions supported a claim for retaliatory discharge in violation of the FMLA. He filed an amended petition that specifically asserted a claim under the FMLA. See Third Amending and Supplemental Petition at Doc. 11, Paragraph 2. UOP removed the case based on federal question jurisdiction.

## FMLA Claims are Removable

Plaintiff first argues in his Motion to Remand that FMLA claims are not removable. "*Except as otherwise expressly provided by Act* [*3] *of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The FMLA provides that an action to recover damages or equitable relief "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees...." 29 U.S.C. § 2617(a)(2). Plaintiff argues that the word "maintained" indicates Congressional intent to create an exception within the meaning of Section 1441(a) so that FMLA claims are not removable.

Plaintiff's argument is foreclosed by the unanimous decision in Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct 1882, 155 L. Ed. 2d 923 (2003) that interpreted identical statutory language found in the Fair Labor Standards Act. The FLSA provides that an action under that law "may be maintained against any employer (including a public agency) in any Federal or State court [*4] of competent jurisdiction by any one or more employees ..." 29 U.S.C. § 216(b). The Court held that the concurrent jurisdiction provision was *not* an express Congressional exception that barred removal, and it pointed to the FMLA statute as being among similar federal laws. The Court did not expressly hold that FMLA cases are removable, as that issue was not before the Court, but Breuer's rationale makes clear that the same result is appropriate when interpreting the identical statutory language found in the FMLA. Thus, UOP properly removed the case based on federal question, and the court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

Paragraph III of Plaintiff's motion states: "Plaintiff further moves under 28 U.S.C. § 1367(c) that state law claims including the failure to accommodate should be remanded." The supporting memorandum does little to articulate why such a remand is appropriate. Plaintiff merely argues at page 4 of his memorandum that there are multiple claims under state law and only one claim arising under federal law. There is no apparent basis [*5] at this time to consider remand of the state law claims under any of the four subsections of Section 1367(c). There is a motion for summary judgment filed by UOP, pending before Judge Hicks, that could result in the dismissal of Plaintiff's federal claims. If that happens, Judge Hicks could then consider whether to continue exercising supplemental jurisdiction over the state law claims or remand the claims pursuant to Section 1367(c)(3). In the meantime, however, the entire case should remain in federal court.

Plaintiff also cites jurisprudence that has applied the rule of 28 U.S.C. § 1441(c) that whenever a "separate and independent claim or cause of action" within the court's federal question jurisdiction is joined with one or more otherwise non-removable claims, the entire case may be removed and the district court may then determine all issues or, in its discretion, remand matters in which state law predominates. Plaintiff has not, however, explained how or why the rule should be employed to remand any claims in this case. Separate legal claims arising from the termination of employment are ordinarily not separate and independent within the meaning of the [*6] rather demanding standard. See Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 105 (5th Cir. 1996) (district court abused discretion when it remanded intentional infliction of emotional distress claim that, like FMLA claim, was based on termination of employment). Plaintiff has not articulated how any of his state law claims involve substantially different facts and otherwise qualify for possible remand under Section 1441(c).

For the reasons set forth above, Plaintiff's **Motion to Remand (Doc. 26)** is **denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of March, 2006.

MARK L. HORNSBY

UNITED STATES MAGISTRATE JUDGE

Service: **Get by LEXSEE®**
Citation: **2006 U.S. Dist. LEXIS 14589**
View: Full
Date/Time: Monday, July 21, 2008 - 12:43 PM EDT

* Signal Legend:

⬤ - Warning: Negative treatment is indicated

🅀 - Questioned: Validity questioned by citing refs

⚠ - Caution: Possible negative treatment

◆ - Positive treatment is indicated

🅐 - Citing Refs. With Analysis Available

🅘 - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

---

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector

History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

 About LexisNexis | Terms & Conditions | Contact Us

Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**Exhibit "C"**

Notice and Acknowledgment of Receipt of Summons and Complaint (3/01/07) CCG 0063

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slawomir Celinski
_____
Plaintiff(s)

v.

Uni-Systems, Inc. and Jonathan A. Mirski, as an indiv.
_____
Defendant(s)

Case No. 2008 L 6012

Defendant(s) Amount Claimed: $ _____

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Jonathan A. Mirski _____ Address: 820 W. Lake Street, #210
(Name)

City: Roselle _____ State: IL _____ Zip: 60172

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on June 9 _____, 2008 _____

Dated: June 9 _____, 2008 _____

_____
Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____ City/State/Zip: _____

Relationship to Entity /Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____ _____
Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILL

EXHIBIT
C

Notice and Acknowledgment of Receipt of Summons and Complaint                    (3/01/07) CCG 0063

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slawomir Celinski

                                                    **Plaintiff(s)**        Case No. 2008 L 6012

            v.

Uni-Systems, Inc. and Jonathan A. Mirski, as an indiv.                    Defendant(s) Amount Claimed: $ _____

                                                    **Defendant(s)**

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Jonathan A. Mirski                    Address: 820 W. Lake Street, #210

                    (Name)

City: Roselle                    State: IL                    Zip: 60172

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30    *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30    *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60    **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on June 9                    , 2008 .

Dated: June 9                    , 2008                    _____
                                                                         Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

    I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____        City/State/Zip: _____

Relationship to Entity /Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____                    _____
                                                                         Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Exhibit "D"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SLAWOMIR CELINSKI,                      )
                                        )
            Plaintiff,                   )
                                        )          No.
        v.                              )
                                        )
JONATHON A. MIRSKI and UNISYSTEMS,      )
INC.,                                   )
                                        )
            Defendants.                  )

## AFFIDAVIT OF JONATHON MIRSKI

I, Jonathon Mirski, being first duly sworn, depose and state on oath that I have personal knowledge of the facts contained herein and, if I am called to testify, my testimony would be:

1.    I am the Secretary/owner of Uni-Systems, Inc.

2.    I was on vacation from June 16, 2008 until July 1, 2008.

3.    Upon my return from vacation, I had a large amount of unopened mail that I had to open and review. One of the items of mail was a copy of the complaint in this matter and a "Notice and Acknowledgement of Receipt of Summons and Complaint." To the best of my knowledge, I did not open and review these documents until on or around July 7, 2008.

4.    The instructions for this Notice were to sign and date it and return it to the sender.

5.    I signed and dated the Notice on July 8, 2008 and returned everything to the sender. I did not retain a copy. I mistakenly wrote "June 8, 2008" when signing the Notice.

Further affiant sayeth naught.

Jonathon Mirski

STATE OF ILLINOIS )
                  )  SS
COUNTY OF DuPage  )

OFFICIAL SEAL
JASON PLOTKE
Notary Public - State of Illinois
My Commission Expires Oct 28, 2011

Subscribed and Sworn to before me this

21 day of July , 2008.

Notice and Acknowledgment of Receipt of Summons and Complaint

(3/01/07) CCO

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slawomir Celinski

v.                                    Plaintiff(s)          Case No. 2008 L 6012

Uni-Systems, Inc. and Jonathan A. Mirski, as an indiv.
                                      Defendant(s)          Defendant(s) Amount Claimed: $

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Jonathan A. Mirski                 Address: 820 W. Lake Street, #210
         (Name)

City: Roselle                          State: IL               Zip: 60172

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on June 9 , 2008

Dated: June 9 , 2008                                _____
                                                                Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at (Please print or type)

Name: Jonathan A. Mirski

Address: 820 W. Lake St. Unit #210     City/State/Zip: Roselle, IL 60172

Relationship to Entity /Authority to Receive Service of Process: Officer
(Not applicable if your are the named Defendant or Respondent.)

Dated: June 8 , 2008                               _____
                                                                Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS