UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLAWOMIR CELINSKI,  )<br>  )<br>           Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JONATHAN A. MIRSKI and  )<br>UNI-SYSTEMS, INC.  )<br>  )<br>           Defendants.  )  | Case No.: 08 CV 4126<br><br>Judge Manning<br>Magistrate Valdez |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **August 19, 2008** at **11:00 a.m.**, we shall present the attached **Defendants, Jonathan A. Mirski and Uni-Systems, Inc.'s Motion for Leave to File their Motion to Dismiss Counts II and III of Plaintiff's Complaint at Law, instanter,** before the Honorable United States District **Judge Manning** in Courtroom **2125** at the United States District Courthouse, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. A true and correct copy of the motion has been served upon you.

/s/ Kevin W. Doherty
Kevin W. Doherty

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on:

kdoran@doranmedina.com            j.t.m.moran@gmail.com

by e-filing this **11th** day of **August**, 2008.

/s/ Kevin W. Doherty
Kevin W. Doherty

Kevin W. Doherty (ARDC No.: 3128844)
Brian T. Ginley (ARDC No.: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, Illinois 60606
(312) 630-9630
(312) 630-9001 (fax)

I:\50917\MotionToDismiss.wpd/BTG/amv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLAWOMIR CELINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08 CV 4126 |
| ) | |
| JONATHAN A. MIRSKI and ) | Judge Manning |
| UNI-SYSTEMS, INC. ) | Magistrate Valdez |
| ) | |
| Defendants. ) | |

### MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT AT LAW

NOW COME the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., by and through their attorneys, KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR, LLC, and for their Motion to Dismiss Counts II and III of Plaintiff's Complaint at Law pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

1.  The Plaintiff, SLAWOMIR CELINSKI, has filed a three count Complaint at Law against Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC. In Counts II and III, Plaintiff is seeking recovery against the Defendants for alleged violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* (A copy of Plaintiff's Complaint at Law is attached hereto and incorporated herein as Exhibit A).

2.  29 U.S.C. §2611(2)(B)(ii) of the Family and Medical Leave Act provides "the term 'eligible employee' does not include any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *See* 29

U.S.C. §2611(2)(B)(ii).

3. That according to the Affidavit of JONATHAN A. MIRSKI, Secretary/Owner of UNI-SYSTEMS, INC., if called upon to testify, he will competently testify to the following salient facts:

(a) I am currently the Secretary/Owner of Uni-Systems, Inc.;

(b) I have been the Secretary/Owner of Uni-Systems, Inc. for twenty-one (21) years;

(c) Uni-Systems, Inc. only has two (2) stores, one (1) located in Glendale Heights, Illinois and one (1) located in Hanover Park, Illinois;

(d) In 2005, Uni-Systems, Inc. had less than twenty-five (25) employees;

(e) In 2006, Uni-Systems, Inc. had less than twenty-five (25) employees;

(f) In 2007, Uni-Systems, Inc. had less than twenty-five (25) employees; and

(g) In 2008, Uni-Systems, Inc. had less than twenty-five (25) employees. (*See* Exhibit B, Affidavit of JONATHAN A. MIRSKI).

4. That since UNI-SYSTEMS, INC. employed less than 50 employees while the Plaintiff, SLAWOMIR CELINSKI, was employed by UNI-SYSTEMS, INC., then the Plaintiff is not an "eligible employee" as defined by the Family and Medical Leave Act. *See* 29 U.S.C. §2611(2)(B)(ii).

5. Therefore, since the Plaintiff is not an "eligible employee," he cannot maintain a cause against the Defendants for alleged violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*.

WHEREFORE, the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., pray that this Honorable Court grant their Motion to Dismiss Counts II and III of Plaintiff's Complaint at Law pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss *with*

*prejudice* Counts II and III of Plaintiff's Complaint at Law.

                      Respectfully submitted,

                      JONATHAN A. MIRSKI and UNI-SYSTEMS, INC.

                      By: /s/ Kevin W. Doherty
                            Attorney for the Defendants

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

Case 1:08-cv-04126    Document 17-2    Filed 08/11/2008    Page 1 of 10
JUL-(Jul. 8. 20081 2:11PM    BDP&W FINANCIAL  312 676 2488         No. 5997   P. 6/15
Case 1:08-cv-04126    Document 1    Filed 07/21/2008    Page 6 of 26

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SLAWOMIR CELINSKI,

    Plaintiff,

v.

UNI-SYSTEMS, INC. and
JONATHAN A. MIRSKI, as an individual

    Defendants.

2008L006012
CALENDAR/ROOM U
TIME 00:00
Retaliatory Discharge

Jury Trial Demanded

### Verified Complaint for Damages for Retaliatory Discharge and for Violations of 29 U.S.C. §2601 et. seq. (the Family and Medical Leave Act)

Plaintiff Slawomir Celinski, by his attorneys, DoranMedina, LLC and John Thomas Moran of the Moran Law Group, complains of Defendants Uni-Systems, Inc. and Jonathan A. Mirski, as follows:

#### Introduction

1. Slawomir Celinski brings this action against his former employer, Uni-Systems, Inc. (d/b/a "Midas Muffler Shop" or "Midas") and Johnathan A. Mirski ("Mirski"), for retaliatory discharge and violations of his rights under the Family and Medical Leave Act. Plaintiff suffered an on-the-job injury in October 21, 2006. Defendants fired Slawomir on March 23, 2007 because he filed a worker's compensation claim against Midas asserting he had suffered a serious on-the-job injury.

#### Jurisdiction and Venue

2. Jurisdiction of this Court is provided by 735 ILCS 5/2-209.

3. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because on information and belief, Defendant Midas resides in this county according to 735 ILCS 5/2-102(a)


EXHIBIT A

Case 1:08-cv-04126    Document 17-2    Filed 08/11/2008    Page 2 of 10
JUL-(Jul. 8. 2008)2:11PM    BDD&W FINANCIAL 312 676 2488    No. 5997    P. 7/15
Case 1:08-cv-04126    Document 1    Filed 07/21/2008    Page 7 of 26

in that it is a corporation authorized to transact business in this state, has a shop and is doing business in Cook County, Illinois, and because some of the transactions out of which this action arises occurred in Cook County.

4. Venue is proper pursuant to 735 ILCS 5/2-101 in Cook County for Defendant Mirski because some the transactions out of which this action arises occurred in Cook County.

### The Parties

5. Mr. Celinski is a resident of Illinois and was employed by Defendant Midas at its Glendale Heights location.

6. At all times relevant to this Complaint, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2).

7. Defendant Mirski owns several Midas Muffler Shops, including four in Cook County, Illinois.

8. Defendant Midas is responsible for the acts of its employees and agents, including acts within the scope of their employment.

9. On information and belief, at all times relevant to this Complaint, Defendant Midas was an "employer" as defined by 29 U.S.C. § 2611(4).

10. On information and belief, at all times relevant to this Complaint, Defendant Mirski was an "employer" as defined by 29 U.S.C. § 2611(4).

### Facts Upon Which Claims are Based

11. Mr. Celinski was hired by Mirski on January 6, 2006 to full-time work in his Glendale Heights, Illinois Midas Muffler Shop as a auto mechanic.

-2-

JUL-Jul. 8. 2008/12:11PM BDP&W FINANCIAL 312 676 2488 NO. 2997 P. 8/15
Case 1:08-cv-04126 Document 17-2 Filed 08/11/2008 Page 3 of 10
Case 1:08-cv-04126 Document 1 Filed 07/21/2008 Page 8 of 26

12. During the course of his duties working for Defendants, on October 21, 2006, Mr. Celinski was injured when he twisted his ankle and fractured one of his metatarsals.

13. Mr. Celinski immediately reported this on-the-job injury to his supervisor, Tom Weber. Later the same day Mr. Celinski sought medical care and saw the defendant's company doctor, Dr. Galassi, who placed his foot in a cast, prescribed him pain medication, and took him off work for the next couple of months in order to heal.

14. Defendant's correspondence with Plaintiff over his treatment and care referenced health insurance under short term disability insurance coverage rather than an on-the-job injury covered by the Illinois Workers Compensation Act (the "Act").

15. In or around November, 2006 Mr. Celinski hired an attorney to handle his worker's compensation claim, who subsequently filed with a charge with the Illinois Industrial Commission on November 27, 2006, attached as Exhibit A to this Complaint and made a part.

16. After removal of his cast, Mr. Celinski returned to work on December 19, 2006. In giving Plaintiff a return to work, Dr. Galassi directed him to wear a short, removable, protective orthopedic boot. His only work restriction was that he must be allowed to alternate between standing and sitting, as tolerated.

17. When Plaintiff returned, his employer modified his work duties. In addition to performing auto mechanic duties, he performed inventory, painted the facility, cleaned the washrooms, and performed other janitorial duties. Despite the limited return to work, defendant, its agents and employees allowed Plaintiff to sit only when cleaning the bottom shelves. Consequently he was in pain at the end of his shifts.

-3-

Case 1:08-cv-04126  Document 17-2  Filed 08/11/2008  Page 4 of 10
JUL-Jul. 8. 2008 2:11PM  BDD&W FINANCIAL 312 676 2488       No. 5997  P. 9/15
Case 1:08-cv-04126  Document 1  Filed 07/21/2008  Page 9 of 26

18. In addition, on his return to work Defendants reduced his pay by $4/hour, despite the fact that he was performing his regular mechanic duties.

19. Defendant Mirski, on Plaintiff's return to work, began accusing Mr. Celinski of malingering, telling him "you're playing a fucking game." In addition, Mirski repeatedly ridiculed Mr. Celinski, calling him a "liar," "lazy," and "fat."

20. On January 3, 2007 Mr. Celinski was written up for the first time since starting to work for defendants, for an alleged infraction regarding "tardiness and lunches." He was told by Mr. Weber, a supervisory employee of defendants, that he could be fired for any subsequent infractions.

21. Approximately three and a half weeks later, Mr. Weber wrote up Mr. Celinski for a second time for allegedly taking a lunch in lieu of performing his duties. Mr. Celinski denied doing so and he provided his employer with proof that he had finished the job prior to his lunch break. Nevertheless Defendants did not recant or correct this second bogus write up.

22. On January 4, 2007, Mr. Celinski was treated by an orthopaedic surgeon, Dr. DeFrino, who directed him to wear a more protective covering for his healing foot – called a cam boot – and restricted him to primarily sit at work, with limited standing and walking. He also prescribed physical therapy.

23. Having received Dr. DeFrino's office visit notes on January 8, Defendants' workers compensation insurance carrier immediately directed Mr. Celinski to see its physician, Dr. Pahwa, on January 25. He did so and that same day Dr. Pahwa sent his written conclusions to the insurance company.

-4-

Case 1:08-cv-04126    Document 17-2    Filed 08/11/2008    Page 5 of 10
JUL-Jul. 8. 2008 2:12PM    BDP&W FINANCIAL 312 676 2488              No. 5997   P. 10/15
Case 1:08-cv-04126    Document 1    Filed 07/21/2008    Page 10 of 26

24. Dr. Pawha stated that Mr. Celinski could continue his physical therapy for three or four more weeks but opined that after that point no further treatment would be necessary and that within six weeks Mr. Celinski would achieve "maximum medical improvement" ("MMI"). The insurance company's doctor also concluded that Mr. Celinski could work without restrictions.

25. Defendants then told Mr. Celinski that he must work without use of his cam boot since Dr. Pawha had concluded that he could work without restrictions. Mr. Celinski refused to take off the boot prescribed by his own doctor, explaining that he wore it pursuant to his doctor's orders and also because it helped him protect his foot which still was painful to him.

26. By the end of January, his physical therapist told him that Defendants' workers' compensation carrier had denied continued coverage for physical therapy. Early the next month Dr. DeFrino informed Mr. Celinski that Defendants' workers' compensation coverage had been cancelled altogether. Nevertheless, Mr. Celinski continued to see his physician, paying for these visits out of his own pocket.

27. Defendant Miraki continued to threaten Mr. Celinski's job and demand that he remove his cam boot, despite Mr. Celinski explaining to him that he wore it at the direction of his orthopedist.

28. For the week of February 12, Mr. Miraki assigned Mr. Celinski to his Des Plaines shop. As Mr. Celinski's very large, cumbersome, and heavy personal toolbox was kept at the Glendale Heights shop, these assignments made it impossible for him to perform all of his duties as an auto mechanic, though he was able to perform basic tasks such as oil changes.

29. On February 14, 2007 Mr. Celinski filed a second worker's compensation claim against Defendants for a repetitive motion trauma in his wrist.

-5-

Case 1:08-cv-04126   Document 17-2   Filed 08/11/2008   Page 6 of 10
JUL-Jul. 8. 20080 2:12PM   BDP&W FINANCIAL 312 676 2488   NO. 5997   P. 11/15
Case 1:08-cv-04126   Document 1   Filed 07/21/2008   Page 11 of 26

30. On February 20, 2007, in continuing pain and distress, Celinski met with another orthopedic surgeon, Dr. Walsh, who prescribed continued usage of the cam boot and restricted Celinski to sedentary work for the next four weeks.

31. Beginning on or around February 21, 2007 Mr. Mirski refused to allow Mr. Celinski to work with his cam boot and thus refused to permit Mr. Celinski to work. Nevertheless, every day through March 19, 2007, Mr. Celinski reported to work and everyday he was denied work pursuant to defendant Mirski's orders.

32. On March 20, Plaintiff met with Dr. Walsh, who subsequently diagnosed him with Morton's neuroma as well as metarsalgia, for which Dr. Walsh performed surgery, all arising out of the original injury. At that office visit, Dr. Walsh took him off of work until April 2, 2007 because Mr. Celinski was not allowed to sit at work.

33. On March 22, Mr. Celinski gave Dr. Walsh's note to Mr. Mirski.

34. On March 27, 2007, Mr. Celinski received a letter signed by Defendant Mirski dated March 23, 2007 notifying him that defendants were firing him retroactively to the last day Defendants allowed him to work – February 19, 2007. Mr. Mirski's stated reason for firing him was that he refused to work without restrictions despite Dr. Pawha's conclusion. Defendants also directed him to pick up his tools within five days or else he would be charged a $10/day storage fee. A copy of the letter is attached to this Complaint as Exhibit B.

35. On March 28, Mr. Celinski arrived at the Glendale Heights shop to get his tools, however Mr. Mirski refused to give them to him, demanding that Mr. Celinski first pay him $1,582.00 for the premiums Defendants had paid the health insurance carrier for February,

-6-

Case 1:08-cv-04126 Document 17-2 Filed 08/11/2008 Page 7 of 10
JUL-Jul. 8. 2008 2:12PM BDP&W FINANCIAL 312 676 2488 No. 5997 P. 12/15
Case 1:08-cv-04126 Document 1 Filed 07/21/2008 Page 12 of 26

March, and allegedly April, 2007. When Mr. Celinski refused, Mr. Miraki called the police. The police directed Mr. Miraki to allow Mr. Celinski to take his tools, which he did and left.

36. A few days later, Mr. Celinski received another letter from Defendants informing him that his health insurance coverage had also been cancelled retroactive to February 19, 2007 and claimed that Plaintiff had to reimburse Midas the sum of $1,582.00 by April 9, 2007.

### COUNT I

Common Law Retaliatory Discharge – Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

37. Plaintiff restates and realleges paragraphs 1 through 37 as fully set forth herein.

38. At all material times, it was the clear mandate of the public policy of the State of Illinois to protect its citizens from retaliatory discharge for filing worker compensation claims.

39. Plaintiff filed workers' compensation claims against Defendant Midas on or around October 21 and on February 14, 2007.

40. Defendant Midas disciplined, placed at physical risk, and then fired Mr. Celinski in retaliation for filing a workers' compensation claim.

41. At all material times, Midas had the duty to refrain from terminating employees for reasons that violated the clear mandate of public policy of the State of Illinois.

42. Midas' actions were wilful and wanton and in reckless disregard of the lawful rights and interests of Plaintiff.

43. As a result of his unlawful termination, Plaintiff has suffered lost wages and benefits, humiliation, and other emotional damages.

**WHEREFORE**, demanding a jury trial, Plaintiff Slawomir Celinski asks for judgment in his favor against Defendant Midas Muffler Shop in an amount in excess of $100,000

-7-

JUL. 8. 2008 2:12PM    BDP&W FINANCIAL 312 676 2488                    NO. 5997   P. 13/15
Case 1:08-cv-04126    Document 17-2    Filed 08/11/2008    Page 8 of 10
Case 1:08-cv-04126    Document 1    Filed 07/21/2008    Page 13 of 26

and such other relief as the Court deems just, proper, and equitable, including but not limited to back pay, front pay, compensatory damages, punitive damages, future pecuniary losses, pre-judgment interest, costs and expenses of suit, and such reasonable attorneys' fees as the law may permit, and such other and further relief as this Court deems just and equitable.

## COUNT II

### Demand for Relief for Violations of the Family and Medical Leave Act Against Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

44. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

45. By virtue of the foregoing, Defendant Midas violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

46. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

47. In light of Defendant's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

## COUNT III

-8-

Case 1:08-cv-04126 Document 17-2 Filed 08/11/2008 Page 9 of 10
Jul. 8. 2008 2:12PM BDP&W FINANCIAL 312 676 2488 No. 5997 P. 14/15
Case 1:08-cv-04126 Document 1 Filed 07/21/2008 Page 14 of 26

### Demand for Relief for Violations of
### the Family and Medical Leave Act Against Defendant Johnathan A. Mirski

48. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

49. By virtue of the forgoing, Defendant Mirski violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

50. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

51. In light of Defendant Mirski's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Mirski for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant Mirski's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

Respectfully submitted,
Slawomir Celinski,

By One of His Attorneys

-9-

Under penalties of law pursuant to § 1-109 of the Code of Civil Procedure, Slawomir Celinski certifies that the statements set forth in this Verified Complaint are true and correct.

_____
Slawomir Celinski

5-28-08
_____
Date

Karen J. Doran
Firm No. 43176
Attorney for Plaintiff
DoranMedina, LLC
2625 Butterfield Road, Suite 138S
Oak Brook, IL 60523
Telephone: 630/368-0200
Fax: 630/368-0202
E-mail: kdoran@doranmedina.com

John Thomas Moran
Firm No. 11916
Attorney for Plaintiff
The Moran Law Group
309 West Washington Blvd., Suite 900
Chicago, IL 60606
Telephone: 312/630-0200
Fax: 312/630-0203
E-mail: j.t.m.moran@gmail.com

I:\50917\Affidavit.JonathanMirski.wpd/BTG/amv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLAWOMIR CELINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08 CV 4126 |
| ) | |
| JONATHAN A. MIRSKI and ) | Judge Manning |
| UNI-SYSTEMS, INC. ) | Magistrate Valdez |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF JONATHAN A. MIRSKI

I, JONATHAN A. MIRSKI, being first duly sworn, depose and state on oath that I have personal knowledge of the facts contained herein and, if called upon to testify, would depose and state as follows:

1. I am currently the Secretary/Owner of Uni-Systems, Inc.

2. I have been the Secretary/Owner of Uni-Systems, Inc. for twenty-one (21) years.

3. Uni-Systems, Inc. only has two (2) stores, one (1) located in Glendale Heights, Illinois and one (1) located in Hanover Park, Illinois.

4. In 2005, Uni-Systems, Inc. had less than twenty-five (25) employees.

5. In 2006, Uni-Systems, Inc. had less than twenty-five (25) employees.

6. In 2007, Uni-Systems, Inc. had less than twenty-five (25) employees.

7. In 2008, Uni-Systems, Inc. had less than twenty-five (25) employees.

EXHIBIT B
Blumberg No. 5119

THUS FURTHER AFFIANT SAYETH NAUGHT.

By: *[signature]*
Jonathan A. Mirski
Owner of Uni-Systems, Inc.

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax