I:\50917\MotionLeavetoFileAnswer.wpd/BTG/amv

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SLAWOMIR CELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08 CV 4126 |
| | ) | |
| JONATHAN A. MIRSKI and | ) | Judge Manning |
| UNI-SYSTEMS, INC. | ) | Magistrate Valdez |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE VERIFIED ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, UNI-SYSTEMS, INC., by and through its attorneys,

KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR, LLC, and prays for

Leave to File its Verified Answer to Count I of Plaintiff's Complaint at Law, *instanter*, attached

hereto as Exhibit A.

Respectfully submitted,

UNI-SYSTEMS, INC.

By:  /s/ Brian T. Ginley
            Brian T. Ginley
            One of its Attorneys

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

I:\50917\Ans.Complaint.Uni-Systems.wpd\KWD/amv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SLAWOMIR CELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08 CV 4126 |
| | ) | |
| JONATHAN A. MIRSKI and | ) | Judge Manning |
| UNI-SYSTEMS, INC. | ) | Magistrate Valdez |
| | ) | |
| Defendants. | ) | |

### VERIFIED ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, UNI-SYSTEMS, INC., by and through its attorneys,

KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR, LLC, and for its

Verified Answer to Count I of Plaintiff's Complaint at Law, states as follows:

#### Introduction

1.     This Defendant admits that the Plaintiff's Complaint at Law reflects that the

Plaintiff has brought this action against the Defendants for retaliatory discharge and alleged

violations of his rights under the Family and Medical Leave Act. Further answering, this

Defendant denies each and every remaining allegation contained in paragraph 1 of the Plaintiff's

Complaint at Law.

#### Jurisdiction and Venue

2.     This Defendant denies each and every allegation contained and set forth in

paragraph 2 of the Plaintiff's Complaint at Law.

3.     This Defendant denies each and every allegation contained in paragraph 3 of the

Plaintiff's Complaint at Law.

DEFENDANT'S
EXHIBIT
A

4.      This Defendant denies each and every allegation contained in paragraph 4 of the Plaintiff's Complaint at Law.

**The Parties**

5.      This Defendant admits that the Plaintiff was employed at the Glendale Heights shop. Further answering, this Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

6.      This Defendant denies each and every allegation contained in paragraph 6 of the Plaintiff's Complaint at Law.

7.      This Defendant denies each and every allegation contained in paragraph 7 of the Plaintiff's Complaint at Law.

8.      This Defendant states that the allegations contained in Paragraph 8 of Plaintiff's Complaint at Law assert legal conclusions which do not require an answer and therefore, this Defendant denies the same.

9.      This Defendant denies each and every allegation contained in paragraph 9 of the Plaintiff's Complaint at Law.

10.     This Defendant denies each and every allegation contained in paragraph 10 of the Plaintiff's Complaint at Law.

**Facts Upon Which Claims are Based**

11.     This Defendant states that the Plaintiff was hired to work in the Glendale Heights shop owned by this Defendant on or about January 6, 2008.

2

12.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 12 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

13.    This Defendant states that the Plaintiff did report an on-the-job injury and sought and received medical care. This Defendant denies each and every remaining allegation contained in paragraph 13 of the Plaintiff's Complaint at Law.

14.    This Defendant denies each and every allegation contained in paragraph 14 of the Plaintiff's Complaint at Law.

15.    This Defendant admits that a claim with the Illinois Industrial Commission was filed in the Plaintiff's name on November 27, 2006. Further answering, this Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the remaining allegations contained in paragraph 15 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

16.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof

17.    This Defendant denies each and every allegation contained in paragraph 17 of the Plaintiff's Complaint at Law.

18.    This Defendant denies each and every allegation contained in paragraph 18 of the Plaintiff's Complaint at Law.

19.    This Defendant denies each and every allegation contained in paragraph 19 of the Plaintiff's Complaint at Law.

3

20.    This Defendant states that the Plaintiff was written up on or about January 3, 2007, but denies all remaining allegations contained and set forth in paragraph 20 of the Plaintiff's Complaint at Law.

21.    This Defendant denies each and every allegation contained in paragraph 21 of the Plaintiff's Complaint at Law.

22.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 22 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

23.    This Defendant states that it believes that the workers' compensation insurance carrier for this Defendant did refer the Plaintiff to an independent physician, Dr. Pahwa. Further answering, this Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the remaining allegations contained in paragraph 23 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof

24.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 24 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof

25.    This Defendant denies each and every allegation contained in paragraph 25 of the Plaintiff's Complaint at Law.

26.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 26 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

4

27.    This Defendant denies each and every allegation contained in paragraph 27 of the Plaintiff's Complaint at Law.

28.    This Defendant denies each and every allegation contained in paragraph 28 of the Plaintiff's Complaint at Law.

29.    This Defendant states that on or about February 14, 2007 a second workers' compensation claim was filed in the Plaintiff's name.

30.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 30 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof.

31.    This Defendant denies each and every allegations contained in paragraph 31 of the Plaintiff's Complaint at Law.

32.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 32 of the Plaintiff's Complaint at Law regarding the Plaintiff's meetings with Dr. Walsh, and, therefore, neither admits nor denies the same and demands strict proof thereof. Further answering, this Defendant denies each and every remaining allegation contained in paragraph 32 of the Plaintiff's Complaint at Law.

33.    This Defendant denies each and every allegation contained in paragraph 33 of the Plaintiff's Complaint at Law.

34.    This Defendant states that the Plaintiff was terminated for failure to work and further states that the correspondence referred to in paragraph 34 of the Plaintiff's Complaint at Law speaks for itself.

35.    This Defendant denies each and every allegation contained in paragraph 35 of the Plaintiff's Complaint at Law.

36.    This Defendant states that the Plaintiff was notified of his Cobra obligation and further states that the correspondence referred to in paragraph 36 of the Plaintiff's Complaint at Law speaks for itself.

<u>COUNT I</u>
**Common Law Retaliatory Discharge - Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)**

37.    This Defendant restates its answers to paragraphs 1 through 36 as and for its answer to paragraph 37 of the Plaintiff's Complaint at Law, as if fully set forth herein.

38.    This Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the remaining allegations contained in paragraph 38 of the Plaintiff's Complaint at Law, and, therefore, neither admits nor denies the same and demands strict proof thereof. Further responding, this Defendant denies that the Plaintiff was discharged in retaliation for filing a workers' compensation claim.

39.    This Defendant states that on or about February 14, 2007 a second workers' compensation claim was filed in the Plaintiff's name. This Defendant denies each and every remaining allegation contained in paragraph 39 of the Plaintiff's Complaint at Law.

40.    This Defendant denies each and every allegation contained in paragraph 40 of the Plaintiff's Complaint at Law.

41.    This Defendant states the assertions contained and set forth in paragraph 41 of the Plaintiff's Complaint at Law are legal conclusions which do not require an answer and therefore this Defendant denies the same.

42.    This Defendant denies each and every allegation contained in paragraph 42 of the Plaintiff's Complaint at Law.

43.    This Defendant denies each and every allegation contained in paragraph 43 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendant, UNI-SYSTEMS, INC., denies that the Plaintiff is entitled to judgment against it for any amount of money whatsoever and prays for judgment in its favor and against the Plaintiff, SLAWOMIR CELINSKI, plus costs of suit.

**UNI-SYSTEMS, INC. DEMANDS A TRIAL BY JURY.**

## COUNT II
### Demand for Relief for Violations of the Family Leave and Medical Leave Act Against Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

In lieu an of Answer, this Defendant has filed a Motion to Dismiss.

## COUNT III

### Demand for Relief for Violations of the Family Leave and Medical Leave Act Against Jonathan A. Mirski

This Defendant makes no response to the allegations contained in Count III as they are not directed against it. However, if any of the allegations of Count III are construed as applicable to this Defendant, then said allegations are denied.

### AFFIRMATIVE DEFENSE

NOW COMES the Defendant, UNI-SYSTEMS, INC., and for its Affirmative Defense to Count I of the Plaintiff's Complaint at Law, states as follows:

That after the Plaintiff, SLAWOMIR CELINSKI, sustained an injury to his foot, he refused to or was no longer physically able to perform the work duties of a mechanic.

7

WHEREFORE, the Defendant, UNI-SYSTEMS, INC., demands and prays that Count I of the Plaintiff's Complaint at Law be dismissed with prejudice.

Respectfully submitted,

UNI-SYSTEMS, INC.

By:   /s/ Kevin W. Doherty
　　　　Kevin W. Doherty
　　　　One of Its Attorneys

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in this Verified Answer to the Plaintiff's Complaint at Law are true and correct.

Jonathan A. Mirski

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 Fax

9