I:\50917\Remand Response.wpd/BTG/amv

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SLAWOMIR CELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08 CV 4126 |
| | ) | |
| JONATHAN A. MIRSKI and | ) | Judge Manning |
| UNI-SYSTEMS, INC. | ) | Magistrate Valdez |
| | ) | |
| Defendants. | ) | |

### RESPONSE TO PLAINTIFF'S MOTION TO REMAND

NOW COME the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., by and through their attorneys, KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY & PROGAR, LLC, and for their Response to Plaintiff's Motion to Remand, state as follows:

### I. Statement of Facts

This matter arises out of alleged damages for retaliatory discharge and for alleged violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* (A copy of Plaintiff's Complaint at Law is attached hereto and incorporated herein as Exhibit A). On June 3, 2008, the Plaintiff filed the present matter in the Law Division of the Circuit Court of Cook County, Illinois. (*See* Exhibit A). The Plaintiff notified the Defendants of the commencement of the action and requested that the Defendants waive service of summons pursuant to 735 ILCS 5/2-213. The Plaintiff mailed the "Notice and Acknowledgment of Receipt of Summons and Complaint" (hereinafter "Notice") document and a summons and Complaint at Law to the Defendants on June 9, 2008 and said documents were delivered on June 12, 2008. (*See* Plaintiff's

Motion for Remand at ¶¶ 3-4). The Notice provides in pertinent part as follows: "You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days," and "If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law." (A copy of the Notice is attached hereto and incorporated herein as Exhibit B). Defendant, MIRSKI, did not open and review the documents until on or around July 7, 2008. (*See* Affidavit of MIRSKI attached hereto and incorporated herein as Exhibit C). Defendant, MIRSKI, mistakenly signed and dated the Notice June 8, 2008 but it was actually signed and dated on July 8, 2008. (*See* Exhibit B; *See* Exhibit C). This matter was removed to the United States District Court for the Northern District of Illinois on July 21, 2008. (A copy of the Notice of Removal is attached hereto and incorporated herein as Exhibit D).

## II. Argument

Under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999), the time to remove does not commence upon mere receipt of the complaint. *Collins v. Pontikes*, 447 F. Supp. 2d 895, 898 (N. D. Ill. 2006). In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999), on January 26, 1996, Michetti filed a complaint against Murphy in Alabama state court. *Id.* at 1325. Three days later Michetti faxed a file-stamped copy of the complaint to one of Murphy's vice presidents. *Id.* at 1326. On February 12, 1996, Michetti officially served Murphy under local law by certified mail. *Id.* at 1326. On March 13, 1996 (30 days after service but 44 days after receiving a faxed copy of the complaint), Murphy removed the matter to federal court under 28 U.S.C. § 1441. *Id.* at 1326. Michetti moved to remand the case to the state court on the ground that Murphy filed the removal notice 14 days too late. *Id.* at

2

1326. The United States Supreme Court denied Michetti's motion to remand and held that a named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. *Id.* at 1325. The United States Supreme Court stated that the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. *Id.* at 1328. First, if the summons and complaint are served together, the 30-day period for removal runs at once. *Id.* at 1328. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. *Id.* at 1328-1329. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. *Id.* at 1329. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons. *Id.* at 1329.

**A.    Since Defendants did not timely waive service, then the 30-day time period for removal under 28 U.S.C. § 1446(b) never began.**

The form to request a defendant to waive service of summons for Illinois Supreme Court Rule 101(f) provides that the date for return of waiver must be at least 30 days from the date on which the request is sent. (*See* Illinois Supreme Court Rule 101(f) attached hereto as Exhibit E). Illinois Supreme Court Rule 12(c) provides that service by mail is complete four days after mailing. (*See* Illinois Supreme Court Rule 12(c) attached hereto as Exhibit F).

In the present matter, the Plaintiff mailed the Notice on June 9, 2008. (*See* Exhibit B). Defendant MIRSKI did not sign the Notice to waive service until July 8, 2008, 29 days after the

3

Plaintiff mailed the Notice. (*See* Exhibit B; *See* Exhibit C). As such, pursuant to Illinois Supreme Court Rule 12(c), the Notice was not completed and returned to the Plaintiff's attorney until 33 days after the Notice was mailed on June 9, 2008, which was after the 30-day period the Plaintiff allotted for. (*See* Exhibit B). Since the Plaintiff chose 30 days as the amount of time for the Defendants to complete and return the Notice (even though pursuant to Illinois Supreme Court Rule 101(f) the Plaintiff could have chosen a longer time period than 30 days), the Defendants did not timely waive service of summons. In addition, Plaintiff has never officially served the Defendants. Therefore, since the Defendants did not timely waive service of summons and the Plaintiff never officially served the Defendants, the 30-day time period for the removal has yet to begin. As such, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

      **B.**      **Even assuming arguendo that Defendants did timely waive service, the 30-day time period for removal under 28 U.S.C. § 1446(b) did not begin until Defendants agreed to waive service of summons on July 8, 2005.**

Rather than formally serving the Defendants in any of the four methods described in *Murphy Bros., Inc.*, 119 S. Ct. 1322, the Plaintiff chose to request that the Defendants to waive service. Even though the Defendants "received the documents and thus had access to the Complaint" on June 12, 2008, the Defendants did not open the documents until July 7, 2008 and did not agree to waive service of summons until July 8, 2008. (*See* Plaintiff's Motion for Remand at ¶ 12; *See* Exhibit C). The time to remove does not commence upon mere receipt of the complaint. *See Murphy Bros.*; *See Collins*. As such, the time period for removal under 28 U.S.C. § 1446(b) did not begin until the Defendants agreed to waive service of summons on July 8, 2008. Therefore, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

### III. Conclusion

Since the Defendants did not timely waive service of summons and the Plaintiff never officially served the Defendants, the 30-day time period for the removal has yet to begin. In addition, even assuming arguendo that the Defendants did timely waive service, the time period for removal under 28 U.S.C. § 1446(b) did not begin until Defendants agreed to waive service of summons on July 8, 2008. Therefore, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

WHEREFORE, the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., pray that this Honorable Court deny the Plaintiff's Motion to Remand.

Respectfully submitted,

JONATHAN A. MIRSKI and UNI-SYSTEMS, INC.

By:   /s/ Kevin W. Doherty
        Kevin W. Doherty
        One of their Attorneys

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

5

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SLAWOMIR CELINSKI,                    Plaintiff,

v.

UNI-SYSTEMS, INC. and
JONATHAN A. MIRSKI, as an individual

                                    Defendants.

FILED

08 JUN-3 AM

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

2008L006018
CALENDER/ROOM V
TIME 00:00
Retaliatory Discharge

Jury Trial Demanded

### Verified Complaint for Damages for Retaliatory Discharge and for
### Violations of 29 U.S.C. §2601 et. seq. (the Family and Medical Leave Act)

Plaintiff Slawomir Celinski, by his attorneys, DoranMedina, LLC and John Thomas

Moran of the Moran Law Group, complains of Defendants Uni-Systems, Inc. and Jonathan A.

Mirski, as follows:

### Introduction

1.  Slawomir Celinski brings this action against his former employer, Uni-Systems, Inc.

(d/b/a "Midas Muffler Shop" or "Midas") and Johnathan A. Mirski ("Mirski"), for retaliatory

discharge and violations of his rights under the Family and Medical Leave Act. Plaintiff suffered

an on-the-job injury in October 21, 2006. Defendants fired Slawomir on March 23, 2007

because he filed a worker's compensation claim against Midas asserting he had suffered a serious

on-the-job injury.

### Jurisdiction and Venue

2.  Jurisdiction of this Court is provided by 735 ILCS 5/2-209.

3.  Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because on

information and belief, Defendant Midas resides in this county according to 735 ILCS 5/2-102(a)



DEFENDANT'S
EXHIBIT

A

JUL-JUL. 28. 2008  4:48PM    GA CRANDALL                    NO. 595    P. 12/20

in that it is a corporation authorized to transact business in this state, has a shop and is doing

business in Cook County, Illinois, and because some of the transactions out of which this action

arises occurred in Cook County.

4.  Venue is proper pursuant to 735 ILCS 5/2-101 in Cook County for Defendant Mirski

because some the transactions out of which this action arises occurred in Cook County.

### The Parties

5.  Mr. Celinski is a resident of Illinois and was employed by Defendant Midas at its

Glendale Heights location.

6.  At all times relevant to this Complaint, Plaintiff was an "eligible employee" as

defined by 29 U.S.C. § 2611(2).

7.  Defendant Mirski owns several Midas Muffler Shops, including four in Cook County,

Illinois.

8.  Defendant Midas is responsible for the acts of its employees and agents, including

acts within the scope of their employment.

9.  On information and belief, at all times relevant to this Complaint, Defendant Midas

was an "employer" as defined by 29 U.S.C. § 2611(4).

10. On information and belief, at all times relevant to this Complaint, Defendant Mirski

was an "employer" as defined by 29 U.S.C. § 2611(4).

### Facts Upon Which Claims are Based

11. Mr. Celinski was hired by Mirski on January 6, 2006 to full-time work in his

Glendale Heights, Illinois Midas Muffler Shop as a auto mechanic.

-2-

12. During the course of his duties working for Defendants, on October 21, 2006, Mr. Celinski was injured when he twisted his ankle and fractured one of his metatarsals.

13. *Mr. Celinski immediately reported this on-the-job injury to his supervisor, Tom Weber.* Later the same day Mr. Celinski sought medical care and saw the defendant's company doctor, Dr. Galassi, who placed his foot in a cast, prescribed him pain medication, and took him off work for the next couple of months in order to heal.

14. Defendant's correspondence with Plaintiff over his treatment and care referenced health insurance under short term disability insurance coverage rather than an on-the-job injury covered by the Illinois Workers Compensation Act (the "Act").

15. In or around November, 2006 Mr. Celinski hired an attorney to handle his worker's compensation claim, who subsequently filed with a charge with the Illinois Industrial Commission on November 27, 2006, attached as Exhibit A to this Complaint and made a part.

16. After removal of his cast, Mr. Celinski returned to work on December 19, 2006. In giving Plaintiff a return to work, Dr. Galassi directed him to wear a short, removable, protective orthopedic boot. *His only work restriction was that he must be allowed to alternate between standing and sitting, as tolerated.*

17. When Plaintiff returned, his employer modified his work duties. In addition to performing auto mechanic duties, he performed inventory, painted the facility, cleaned the washrooms, and performed other janitorial duties. Despite the limited return to work, defendant, its agents and employees allowed Plaintiff to sit only when cleaning the bottom shelves. Consequently he was in pain at the end of his shifts.

-3-

JUL-JUL. 28. 2008  4:49PM   GA CRANDALL                                    NO. 595    P. 14/20012/018

18. In addition, on his return to work Defendants reduced his pay by $4/hour, despite the fact that he was performing his regular mechanic duties.

19. Defendant Mirski, on Plaintiff's return to work, began accusing Mr. Celinski of malingering, telling him "you're playing a fucking game." In addition, Mirski repeatedly ridiculed Mr. Celinski, calling him a "liar," "lazy," and "fat."

20. On January 3, 2007 Mr. Celinski was written up for the first time since starting to work for defendants, for an alleged infraction regarding "tardiness and lunches." He was told by Mr. Weber, a supervisory employee of defendants, that he could be fired for any subsequent infractions.

21. Approximately three and a half weeks later, Mr. Weber wrote up Mr. Celinski for a second time for allegedly taking a lunch in lieu of performing his duties. Mr. Celinski denied doing so and he provided his employer with proof that he had finished the job prior to his lunch break. Nevertheless Defendants did not recant or correct this second bogus write up.

22. On January 4, 2007, Mr. Celinski was treated by an orthopaedic surgeon, Dr. DePrino, who directed him to wear a more protective covering for his healing foot—called a cam boot—and restricted him to primarily sit at work, with limited standing and walking. He also prescribed physical therapy.

23. Having received Dr. DePrino's office visit notes on January 8, Defendants' workers compensation insurance carrier immediately directed Mr. Celinski to see its physician, Dr. Pahwa, on January 25. He did so and that same day Dr. Pahwa sent his written conclusions to the insurance company.

-4-

JUL-JUL. 28. 2008   4:49PM   GA CRANDALL                              NO. 595   P. 15/20 018/018

24. Dr. Pawha stated that Mr. Celinski could continue his physical therapy for three or four more weeks but opined that after that point no further treatment would be necessary and that within six weeks Mr. Celinski would achieve "maximum medical improvement" ("MMI"). The insurance company's doctor also concluded that Mr. Celinski could work without restrictions.

25. Defendants then told Mr. Celinski that he must work without use of his cam boot since Dr. Pawha had concluded that he could work without restrictions. Mr. Celinski refused to take off the boot prescribed by his own doctor, explaining that he wore it pursuant to his doctor's orders and also because it helped him protect his foot which still was painful to him.

26. By the end of January, his physical therapist told him that Defendants' workers' compensation carrier had denied continued coverage for physical therapy. Early the next month Dr. DeFrino informed Mr. Celinski that Defendants' workers' compensation coverage had been cancelled altogether. Nevertheless, Mr. Celinski continued to see his physician, paying for these visits out of his own pocket.

27. Defendant Mirski continued to threaten Mr. Celinski's job and demand that he remove his cam boot, despite Mr. Celinski explaining to him that he wore it at the direction of his orthopedist.

28. For the week of February 12, Mr. Mirski assigned Mr. Celinski to his Des Plaines shop. As Mr. Celinski's very large, cumbersome, and heavy personal toolbox was kept at the Glendale Heights shop, these assignments made it impossible for him to perform all of his duties as an auto mechanic, though he was able to perform basic tasks such as oil changes.

29. On February 14, 2007 Mr. Celinski filed a second worker's compensation claim against Defendants for a repetitive motion trauma in his wrist.

-5-

30. On February 20, 2007, in continuing pain and distress, Celinski met with another orthopedic surgeon, Dr. Walsh, who prescribed continued usage of the cam boot and restricted Celinski to sedentary work for the next four weeks.

31. Beginning on or around February 21, 2007 Mr. Mirski refused to allow Mr. Celinski to work with his cam boot and thus refused to permit Mr. Celinski to work. Nevertheless, every day through March 19, 2007, Mr. Celinski reported to work and everyday he was denied work pursuant to defendant Mirski's orders.

32. On March 20, Plaintiff met with Dr. Walsh, who subsequently diagnosed him with Morton's neuroma as well as metarsalgia, for which Dr. Walsh performed surgery, all arising out of the original injury. At that office visit, Dr. Walsh took him off of work until April 2, 2007 because Mr. Celinski was not allowed to sit at work.

33. On March 22, Mr. Celinski gave Dr. Walsh's note to Mr. Mirski.

34. On March 27, 2007, Mr. Celinski received a letter signed by Defendant Mirski dated March 23, 2007 notifying him that defendants were firing him retroactively to the last day Defendants allowed him to work – February 19, 2007. Mr. Mirski's stated reason for firing him was that he refused to work without restrictions despite Dr. Pawha's conclusion. Defendants also directed him to pick up his tools within five days or else he would be charged a $10/day storage fee. A copy of the letter is attached to this Complaint as Exhibit B.

35. On March 28, Mr. Celinski arrived at the Glendale Heights shop to get his tools, however Mr. Mirski refused to give them to him, demanding that Mr. Celinski first pay him $1,582.00 for the premiums Defendants had paid the health insurance carrier for February,

-6-

March, and allegedly April, 2007. When Mr. Celinski refused, Mr. Mirski called the police. The

police directed Mr. Mirski to allow Mr. Celinski to take his tools, which he did and left.

36. A few days later, Mr. Celinski received another letter from Defendants informing

him that his health insurance coverage had also been cancelled retroactive to February 19, 2007

and claimed that Plaintiff had to reimburse Midas the sum of $1,582.00 by April 9, 2007.

## COUNT I

### Common Law Retaliatory Discharge – Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

37. Plaintiff restates and realleges paragraphs 1 through 37 as fully set forth herein.

38. At all material times, it was the clear mandate of the public policy of the State of

Illinois to protect its citizens from retaliatory discharge for filing worker compensation claims.

39. Plaintiff filed workers' compensation claims against Defendant Midas on or around

October 21 and on February 14, 2007.

40. Defendant Midas disciplined, placed at physical risk, and then fired Mr. Celinski in

retaliation for filing a workers' compensation claim.

41. At all material times, Midas had the duty to refrain from terminating employees for

reasons that violated the clear mandate of public policy of the State of Illinois.

42. Midas' actions were wilful and wanton and in reckless disregard of the lawful rights

and interests of Plaintiff.

43. As a result of his unlawful termination, Plaintiff has suffered lost wages and benefits,

humiliation, and other emotional damages.

WHEREFORE, demanding a jury trial, Plaintiff Slawomir Celinski asks for

judgment in his favor against Defendant Midas Muffler Shop in an amount in excess of $100,000

-7-

and such other relief as the Court deems just, proper, and equitable, including but not limited to back pay, front pay, compensatory damages, punitive damages, future pecuniary losses, pre-judgment interest, costs and expenses of suit, and such reasonable attorneys' fees as the law may permit, and such other and further relief as this Court deems just and equitable.

## COUNT II

### Demand for Relief for Violations of
### the Family and Medical Leave Act Against Uni-Systems, Inc. (d.b.a. Midas Muffler Shop)

44. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

45. By virtue of the foregoing, Defendant Midas violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

46. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

47. In light of Defendant's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

## COUNT III

-8-

### Demand for Relief for Violations of
### the Family and Medical Leave Act Against Defendant Johnathan A. Mirski

48. Slawomir restates and realleges Paragraphs 1 through 37 as fully set forth herein.

49. By virtue of the forgoing, Defendant Mirski violated the FMLA by interfering with Plaintiff rights under that Act when it refused to designate his time off because of his on-the-job injury as FMLA leave and instead held that time off against him in order to fire him.

50. As a result of this violation, Plaintiff has and will continue to suffer loss of income, benefits, and other compensation.

51. In light of Defendant Mirski's knowledge of the statute and willful disregard of its provisions, its conduct warrants the imposition of liquidated damages.

WHEREFORE, Plaintiff, Slawomir Celinski, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Mirski for wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant Mirski's violation, in an amount to be determined at trial; the interest on this amount, calculated by the prevailing rate; liquidated damages in an amount to be determined at trial; reasonable attorneys fees; costs; and for such other and further relief this Court deems just and equitable.

Respectfully submitted,
Slawomir Celinski,

By One of His Attorneys

-9-

Under penalties of law pursuant to § 1-109 of the Code of Civil Procedure, Slawomir Celinski certifies that the statements set forth in this Verified Complaint are true and correct.

_Slawomir Celinski_
Slawomir Celinski

5. 28. 08
Date

Karen J. Doran
Firm No. 43176
Attorney for Plaintiff
DoranMedina, LLC
2625 Butterfield Road, Suite 138S
Oak Brook, IL 60523
Telephone: 630/368-0200
Fax: 630/368-0202
E-mail: kdoran@doranmedina.com

John Thomas Moran
Firm No. 11916
Attorney for Plaintiff
The Moran Law Group
309 West Washington Blvd., Suite 900
Chicago, IL 60606
Telephone: 312/630-0200
Fax: 312/630-0203
E-mail: j.t.m.moran@gmail.com

-10-

Case 1:08-cv-04126   Document 25-3   Filed 09/03/2008   Page 1 of 1
07/21/2008  11:37  6305360202  DORROWING    PAGE 04/(
Case 1:08-cv-04126   Document 1   Filed 07/21/2008   Page 26 of 26

Notice and Acknowledgment of Receipt of Summons and Complaint

(3/01/07) CCC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slawomir Celinski

                                        **Plaintiff(s)**          Case No. 2008 L 6012

                    v.

Uni-Systems, Inc. and Jonathan A. Mirski, as an indiv.

                                        **Defendant(s)**          Defendant(s) Amount Claimed: $

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Jonathan A. Mirski                    Address: 820 W. Lake Street, #210
                    (Name)

City: Roselle                             State: IL                 Zip: 60172

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within
30          *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (includi a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30          *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60          **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on June 9                    , 2008 .

Dated: June 9                    2008                              _____
                                                                        Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at (Please print or type)

Name: JONATHAN A. MIRSKI

Address: 820 W. LAKE ST. UNIT #210      City/State/Zip: ROSELLE, IL 60172

Relationship to Entity /Authority to Receive Service of Process: OFFICER
(Not applicable if your are the named Defendant or Respondent.)

Dated: JUNE 8                    2008                              _____
                                                                        Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

> DEFENDANT'S
> EXHIBIT
> B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SLAWOMIR CELINSKI,                    )
                                      )
              Plaintiff,              )
                                      )        No.
       v.                             )
                                      )
JONATHON A. MIRSKI and UNISYSTEMS,    )
INC.,                                 )
                                      )
              Defendants.             )

### AFFIDAVIT OF JONATHON MIRSKI

I, Jonathon Mirski, being first duly sworn, depose and state on oath that I have personal knowledge of the facts contained herein and, if I am called to testify, my testimony would be:

1.    I am the Secretary/owner of Uni-Systems, Inc.

2.    I was on vacation from June 16, 2008 until July 1, 2008.

3.    Upon my return from vacation, I had a large amount of unopened mail that I had to open and review. One of the items of mail was a copy of the complaint in this matter and a "Notice and Acknowledgement of Receipt of Summons and Complaint." To the best of my knowledge, I did not open and review these documents until on or around July 7, 2008.

4.    The instructions for this Notice were to sign and date it and return it to the sender.

5.    I signed and dated the Notice on July 8, 2008 and returned everything to the sender. I did not retain a copy. I mistakenly wrote "June 8, 2008" when signing the Notice.



DEFENDANT'S
EXHIBIT

C

Further affiant sayeth naught.

Jonathon Mirski

STATE OF ILLINOIS     )
                      )     SS
COUNTY OF DuPage      )

OFFICIAL SEAL
JASON PLOTKE
Notary Public - State of Illinois
My Commission Expires Oct 24, 2011

Subscribed and Sworn to before me this

21 day of July , 2008.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SLAWOMIR CELINSKI,                    )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )      No.    FILED: JULY 21, 2008
                                      )             08 cv 4126
JONATHAN A. MIRSKI and                )             JUDGE MANNING
UNISYSTEMS INC.,                      )             MAGISTRATE JUDGE VALDEZ
                                      )             JH
                    Defendant.        )

**NOTICE OF REMOVAL OF CIVIL**
**ACTION TO THE UNITED STATES DISTRICT COURT**

NOW COMES the petitioner, JONATHAN A. MIRSKI (hereinafter "Mirski") and Uni-

Systems, Inc. incorrectly sued as UNISYSTEMS INC., (hereinafter "Uni-Systems") by and through

its attorneys, Jill A. Cheskes and Sara M. Stertz of SmithAmundsen LLC, and giving notice to this

Honorable Court of the removal of the above styled cause of action from the Circuit Court of Cook

County, Illinois, County Department, Law Division to the United States District Court for the

Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§1331,

1367, 1441, 1446 and 29 U.S.C. §2617, herein states as follows:

     I.       On June 3, 2008, the plaintiff, SLAWOMIR CELINSKI, filed in the Circuit Court

of Cook County, Illinois, Law Division the above entitled civil action bearing Case No. 2008-L-

006012 in the records and in the files of that court. No proceedings have occurred in the Circuit

Court of Cook County as of the date of this removal.

     II.      The aforesaid state court action consists of three counts and is a suit wholly civil

in nature alleging common law retaliatory discharge, Family and Medical Leave Act ("FMLA")

violations and damages.   (See plaintiff's Verified Complaint which is attached as Ex. A).



DEFENDANT'S
EXHIBIT
D

III.     Counts II and III of Plaintiff's Verified Complaint at law are based on allegations arising under the FMLA. This action is being removed to the United States District Court for the Northern District of Illinois, Eastern Division, on the basis that the District Court has original jurisdiction of all civil actions arising from the FMLA statute which provides that an action to recover damages or equitable relief "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees.." 29 U.S.C. §2617(a)(2) and 28 U.S.C.S. § 1331.

IV.     Removal to this federal court is authorized by 29 U.S.C. §1441. The statutory language cited in Paragraph III from the FMLA is identical to that found in the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C §216(b) and 29 U.S.C. §2617(a)(2). In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 69 (2003), the Court held that district courts had original jurisdiction over FLSA claims under 28 U.S.C.S. § 1331 and a concurrent jurisdiction cited in the statute did not bar removal of a claim. In *Conine v. Universal Oil and Product Co.*, 2006 U.S. Dist. LEXIS 14589 (W.D. La. March 14, 2006) (attached hereto as Exhibit B) the court examined the holding in *Breuer* and after comparing language between the FLSA and FMLA and determining that the language was identical, the Court held that removal of an FMLA action was authorized and allowed by 29 U.S.C. §2617(a)(2). Based on *Breuer* and *Conine*, removal of claim based on the FMLA is proper and authorized.

V.     This Court has supplemental jurisdiction over the Plaintiff's common law retaliatory discharge claim because it forms part of the same case or controversy as the alleged FMLA violations. *See* 28 U.S.C. §1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor does Plaintiff's state law claim predominate over it federal FMLA claim. *See*

2

28 U.S.C. §1367(c). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1441(c).

VI.    This notice is being filed pursuant to 28 U.S.C. §1446 within thirty days of Mirski and Uni-Systems' first notice of the lawsuit. For service, Plaintiff used the Illinois courts' equivalent of a Request for Waiver of Service of Summons on Defendants. This was mailed to Defendants on or around June 9, 2008. (A copy of the Notice and Acknowledgement of Receipt of Summons and Complaint is attached hereto as Exhibit C) The Notice and Acknowledgement of Receipt of Summons and Complaint were not received by Defendants until on or around July 7, 2008 as Defendant, Mirski, who is the Secretary/owner of Uni-Systems was on vacation from June 16, 2008 until July 1, 2008. (Affidavit of Mirski is attached hereto as Exhibit D) Mirski mistakenly signed and dated the Notice "June 8, 2008" but it was not actually signed and dated until on or around July 8, 2008. (*See* Ex. D and a copy of the signed Notice is attached hereto as Exhibit E) It would not have been possible for the document to have been signed by Mirski on June 8, 2008 as it was not even sent to him by Plaintiff until June 9, 2008. As attested to by Mirski, he did not open and review the documents, which were sent regular mail, until he returned from vacation on or around July 7, 2008.

VII.    Thus, Defendants Mirski and Uni-Systems first had notice of this lawsuit on or around July 7, 2008. Mirski and Uni-Systems' Notice of Removal is therefore both timely and proper because the time for filing their petition under 28 U.S.C. §1446 has not expired. Consequently, the plaintiff's civil claims for damages establishes original jurisdiction under 28 U.S.C. §1332. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 244, 254 (1999).

VIII.   Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois. The Circuit Court of Cook County, Illinois, is located within this District and Division.

WHEREFORE, the Petitioners, JONATHAN A. MIRSKI and UNISYSTEMS INC., respectfully give notice of removal of this complaint from the Circuit Court of Cook County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

/s/ Jill A. Cheskes
Jill A. Cheskes, One of the
Attorneys for JONATHAN A. MIRSKI
and UNISYSTEMS INC.

Jill A. Cheskes, ARDC# 06237878
Sara M. Stertz, ARDC# 6290843
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
(312) 894-3200

4

Westlaw.

ILCS S. Ct. Rule 101                                                                                    Page 1

**C**

West's Smith-Hurd Illinois Compiled Statutes Annotated Currentness
  Court Rules
    Illinois Supreme Court Rules (Refs & Annos)
      Article II. Rules on Civil Proceedings in the Trial Court (Refs & Annos)
        Part A. Process and Notice
         → **Rule 101. Summons and Original Process-Form and Issuance**

**(a) General.** The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney, and if service or notices of motions or filings by facsimile transmission will be accepted, the telephone number of the facsimile machine of the plaintiff or his attorney.

**(b) Summons Requiring Appearance on Specified Day.**

(1) In an action for money not in excess of $50,000, exclusive of interest and costs, or in any action subject to mandatory arbitration where local rule prescribes a specific date for appearance, the summons shall require each defendant to appear on a day specified in the summons not less than 21 or more than 40 days after the issuance of the summons (see Rule 181(b)), and shall be in substantially the following form:

In the Circuit Court of the _____ Judicial Circuit, _____ County, Illinois

(Or, In the Circuit Court of Cook County, Illinois)

A.B., C.D., *etc.*
(naming all plaintiffs),
    Plaintiffs,

v.                                                          No. _____

                             Amount Claimed
                             _____

H.J., K.L. *etc.*,
(naming all defendants),
    Defendants

SUMMONS

To each defendant:

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



ILCS S. Ct. Rule 101

You are hereby summoned and required to appear before this court at _____ at ___ o'clock ___ M., on _____ 20 ___, to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness _____

(Seal of Court)

_____

Clerk of Court

Plaintiff's Attorney (or plaintiff, if he is not represented by attorney) _____

Address _____

Telephone No. _____

Facsimile Telephone No. _____

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of service _____, 20 ___ (to be inserted by officer on copy left with defendant or other person).

NOTICE TO DEFENDANTS

[Here simple and specific instructions, conforming to local practice, shall be set out outlining procedure for appearance and trial of the type of case covered by the summons.]

(2) In any action for forcible detainer or for recovery of possession of tangible personal property, the summons shall be in the same form, but shall require each defendant to appear on a day specified in the summons not less than seven or more than 40 days after the issuance of summons.

(3) If service is to be made under section 2-208 of the Code of Civil Procedure the return day shall be not less than 40 days or more than 60 days after the issuance of summons, and no default shall be taken until the expiration of 30 days after service.

(c) Summons in Certain Other Cases in Which Specific Date for Appearance is Required. In all proceedings in which the form of process is not otherwise prescribed and in which a specific date for appearance is required by statute or by rules of court, the form of summons shall conform as nearly as may be to the form set forth in paragraph (b) hereof.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ILCS S. Ct. Rule 101                                                                 Page 3

**(d) Summons Requiring Appearance Within 30 Days After Service.** In all other cases the summons shall require each defendant to file his answer or otherwise file his appearance within 30 days after service, exclusive of the day of service (see Rule 181(a)), and shall be in substantially the following form:

In the Circuit Court of the _____ Judicial Circuit, _____ County, Illinois (Or, In the Circuit Court of Cook County, Illinois)

A.B., C.D., *etc.* (naming all plaintiffs),
    Plaintiffs

v.                                                          No. _____

H.J., K.L., *etc.* (naming all defendants),
    Defendants

SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness _____

(Seal of Court)

_____
                       Clerk of Court

Plaintiff's Attorney (or plaintiff, if he is not represented by attorney) _____

Address _____

Telephone No. _____

Facsimile Telephone No. _____

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ILCS S. Ct. Rule 101                                                                                          Page 4

Date of service _____, 20 ___ (to be inserted by officer on copy left with defendant or other person).

**(e) Summons in Cases under the Illinois Marriage and Dissolution of Marriage Act.** In all proceedings under the Illinois Marriage and Dissolution of Marriage Act, the summons shall include a notice on its reverse side referring to a dissolution action stay being in effect on service of summons, and shall state that any person who fails to obey a dissolution action stay may be subject to punishment for contempt, and shall include language:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from removing any minor child of either party from the State of Illinois or from concealing any such child from the other party, without the consent of the other party or an order of the court.

**(f) Waiver of Service of Summons.** In all cases in which a plaintiff notifies a defendant of the commencement of an action and requests that the defendant waive service of summons under section 2-213 of the Code of Civil Procedure, the request shall be in writing in the following form:

In the Circuit Court of the _____ Judicial Circuit, _____ County, Illinois

(Or, In the Circuit Court of Cook County, Illinois)

A.B., C.D., *etc.*
(naming all plaintiffs),
      Plaintiffs,

v.                                                            No. _____

                                      Amount Claimed
                                      _____

H.J., K.L., *etc.*
(naming all defendants),
      Defendants

*Notice and Acknowledgment of Receipt of Summons and Complaint*

NOTICE

To: (Insert the name and address of the person to be served)

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ___* days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ILCS S. Ct. Rule 101                                                                          Page 5

under your signature your authority.

If you do not complete and return the form to the sender within ___* days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ___** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____. (Insert Date)

Signature _____

Date of Signature _____

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at (inset [FN1] address).

PRINT or TYPE Name _____

Relationship to Entity/Authority to Receive Service of Process

_____

(Not Applicable if you are the named Defendant or Respondent)

Signature _____

Date of Signature _____

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**(g) Use of Wrong Form of Summons.** The use of the wrong form of summons shall not affect the jurisdiction of the court.

CREDIT(S)

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Amended effective August 3, 1970; July 1, 1971; September 1, 1974; amended May 28, 1982, effective July 1, 1982; October 30, 1992, effective November 15, 1992; amended January 20, 1993, effective immediately; amended December 30, 1993, effective January 1, 1994; amended February 1, 1996, effective immediately; amended May 30, 2008, effective immediately.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 101.

  [FN1] So in court order.

Current with amendments received through 6/15/2008.

(C) 2008 Thomson Reuters/West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

ILCS S. Ct. Rule 12

**C**

Formerly cited as IL ST CH 110A ¶ 12

West's Smith-Hurd Illinois Compiled Statutes Annotated Currentness
  Court Rules
    ◥◨ Illinois Supreme Court Rules (Refs & Annos)
      ◥◨ Article I. General Rules
        → **Rule 12. Proof of Service in the Trial and Reviewing Courts; Effective Date of Service**

**(a) Filing.** When service of a paper is required, proof of service shall be filed with the clerk.

**(b) Manner of Proof.** Service is proved:

  (1) by written acknowledgment signed by the person served;

  (2) in case of service by personal delivery, by certificate of the attorney, or affidavit of a person, other than an attorney, who made delivery;

  (3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid; or

  (4) in case of service by facsimile transmission, by certificate of the attorney or affidavit of a person other than the attorney, who transmitted the paper via facsimile machine, stating the time and place of transmission, the telephone number to which the transmission was sent, and the number of pages transmitted.

**(c) Effective Date of Service by Mail.** Service by mail is complete four days after mailing.

**(d) Effective Date of Service by Facsimile Transmission.** Service by facsimile machine is complete on the first court day following transmission.

CREDIT(S)

Amended eff. July 1, 1971; amended eff. July 1, 1975; amended Oct. 30, 1992, eff. Nov. 15, 1992.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 12.

COMMITTEE COMMENTS

(Revised July 1, 1975)

Paragraphs (a) and (b) are a revision of Rule 3.1 of the Uniform Rules for the Circuit Courts of Illinois made applicable to the reviewing courts as well as the trial courts.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



I:\50917\Remand Response.wpd/BTG/amv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SLAWOMIR CELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08 CV 4126 |
| | ) | |
| JONATHAN A. MIRSKI and | ) | Judge Manning |
| UNI-SYSTEMS, INC. | ) | Magistrate Valdez |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

NOW COME the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., by

and through their attorneys, KEVIN W. DOHERTY, BRIAN T. GINLEY, and DOHERTY &

PROGAR, LLC, and for their Response to Plaintiff's Motion to Remand, state as follows:

### I. Statement of Facts

This matter arises out of alleged damages for retaliatory discharge and for alleged

violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*. (A copy of Plaintiff's

Complaint at Law is attached hereto and incorporated herein as Exhibit A). On June 3, 2008, the

Plaintiff filed the present matter in the Law Division of the Circuit Court of Cook County,

Illinois. (*See* Exhibit A). The Plaintiff notified the Defendants of the commencement of the

action and requested that the Defendants waive service of summons pursuant to 735 ILCS 5/2-

213. The Plaintiff mailed the "Notice and Acknowledgment of Receipt of Summons and

Complaint" (hereinafter "Notice") document and a summons and Complaint at Law to the

Defendants on June 9, 2008 and said documents were delivered on June 12, 2008. (*See* Plaintiff's

Motion for Remand at ¶¶ 3-4). The Notice provides in pertinent part as follows: "You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days," and "If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law." (A copy of the Notice is attached hereto and incorporated herein as Exhibit B). Defendant, MIRSKI, did not open and review the documents until on or around July 7, 2008. (*See* Affidavit of MIRSKI attached hereto and incorporated herein as Exhibit C). Defendant, MIRSKI, mistakenly signed and dated the Notice June 8, 2008 but it was actually signed and dated on July 8, 2008. (*See* Exhibit B; *See* Exhibit C). This matter was removed to the United States District Court for the Northern District of Illinois on July 21, 2008. (A copy of the Notice of Removal is attached hereto and incorporated herein as Exhibit D).

## II. Argument

Under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999), the time to remove does not commence upon mere receipt of the complaint. *Collins v. Pontikes*, 447 F. Supp. 2d 895, 898 (N. D. Ill. 2006). In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999), on January 26, 1996, Michetti filed a complaint against Murphy in Alabama state court. *Id.* at 1325. Three days later Michetti faxed a file-stamped copy of the complaint to one of Murphy's vice presidents. *Id.* at 1326. On February 12, 1996, Michetti officially served Murphy under local law by certified mail. *Id.* at 1326. On March 13, 1996 (30 days after service but 44 days after receiving a faxed copy of the complaint), Murphy removed the matter to federal court under 28 U.S.C. § 1441. *Id.* at 1326. Michetti moved to remand the case to the state court on the ground that Murphy filed the removal notice 14 days too late. *Id.* at

2

1326. The United States Supreme Court denied Michetti's motion to remand and held that a

named defendant's time to remove is triggered by the simultaneous service of the summons and

complaint, or receipt of the complaint, through service or otherwise, after and apart from service

of the summons, but not by mere receipt of the complaint unattended by any formal service. *Id.* at

1325. The United States Supreme Court stated that the various state provisions for service of the

summons and the filing or service of the complaint fit into one or another of four main

categories. *Id.* at 1328. First, if the summons and complaint are served together, the 30-day

period for removal runs at once. *Id.* at 1328. Second, if the defendant is served with the summons

but the complaint is furnished to the defendant sometime after, the period for removal runs from

the defendant's receipt of the complaint. *Id.* at 1328-1329. Third, if the defendant is served with

the summons and the complaint is filed in court, but under local rules, service of the complaint is

not required, the removal period runs from the date the complaint is made available through

filing. *Id.* at 1329. Finally, if the complaint is filed in court prior to any service, the removal

period runs from the service of the summons. *Id.* at 1329.

**A.    Since Defendants did not timely waive service, then the 30-day time period for removal under 28 U.S.C. § 1446(b) never began.**

The form to request a defendant to waive service of summons for Illinois Supreme Court

Rule 101(f) provides that the date for return of waiver must be at least 30 days from the date on

which the request is sent. (*See* Illinois Supreme Court Rule 101(f) attached hereto as Exhibit E).

Illinois Supreme Court Rule 12(c) provides that service by mail is complete four days after

mailing. (*See* Illinois Supreme Court Rule 12(c) attached hereto as Exhibit F).

In the present matter, the Plaintiff mailed the Notice on June 9, 2008. (*See* Exhibit B).

Defendant MIRSKI did not sign the Notice to waive service until July 8, 2008, 29 days after the

3

Plaintiff mailed the Notice. (*See* Exhibit B; *See* Exhibit C). As such, pursuant to Illinois Supreme Court Rule 12(c), the Notice was not completed and returned to the Plaintiff's attorney until 33 days after the Notice was mailed on June 9, 2008, which was after the 30-day period the Plaintiff allotted for. (*See* Exhibit B). Since the Plaintiff chose 30 days as the amount of time for the Defendants to complete and return the Notice (even though pursuant to Illinois Supreme Court Rule 101(f) the Plaintiff could have chosen a longer time period than 30 days), the Defendants did not timely waive service of summons. In addition, Plaintiff has never officially served the Defendants. Therefore, since the Defendants did not timely waive service of summons and the Plaintiff never officially served the Defendants, the 30-day time period for the removal has yet to begin. As such, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

      **B.**      **Even assuming arguendo that Defendants did timely waive service, the 30-day time period for removal under 28 U.S.C. § 1446(b) did not begin until Defendants agreed to waive service of summons on July 8, 2005.**

Rather than formally serving the Defendants in any of the four methods described in *Murphy Bros., Inc.*, 119 S. Ct. 1322, the Plaintiff chose to request that the Defendants to waive service. Even though the Defendants "received the documents and thus had access to the Complaint" on June 12, 2008, the Defendants did not open the documents until July 7, 2008 and did not agree to waive service of summons until July 8, 2008. (*See* Plaintiff's Motion for Remand at ¶ 12; *See* Exhibit C). The time to remove does not commence upon mere receipt of the complaint. *See Murphy Bros.*; *See Collins*. As such, the time period for removal under 28 U.S.C. § 1446(b) did not begin until the Defendants agreed to waive service of summons on July 8, 2008. Therefore, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

### III. Conclusion

Since the Defendants did not timely waive service of summons and the Plaintiff never officially served the Defendants, the 30-day time period for the removal has yet to begin. In addition, even assuming arguendo that the Defendants did timely waive service, the time period for removal under 28 U.S.C. § 1446(b) did not begin until Defendants agreed to waive service of summons on July 8, 2008. Therefore, the Defendants' July 21, 2008 removal is timely under 28 U.S.C. § 1446(b).

WHEREFORE, the Defendants, JONATHAN A. MIRSKI and UNI-SYSTEMS, INC., pray that this Honorable Court deny the Plaintiff's Motion to Remand.

Respectfully submitted,

JONATHAN A. MIRSKI and UNI-SYSTEMS, INC.

By: /s/ Kevin W. Doherty
Kevin W. Doherty
One of their Attorneys

Kevin W. Doherty (ARDC: 3128844)
Brian T. Ginley (ARDC: 6281463)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

5